IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

MARCUS A. KELLEBREW                                                  PLAINTIFF

v.                               Case No. 1:23-cv-01068

ASHLEY COUNTY DETENTION CENTER                            DEFENDANT

**<u>ORDER</u>**

Before the Court is Plaintiff's failure to comply with orders of the Court.  Plaintiff Marcus A. Kellebrew originally filed this 42 U.S.C. § 1983 action *pro se* on June 26, 2023.  ECF No. 1.

This matter was originally filed in the Eastern District of Arkansas.  ECF No. 1.  On June 27, 2023, Magistrate Judge J. Thomas Ray of the Eastern District of Arkansas ordered that venue be transferred to this District pursuant to 28 U.S.C. § 1406(a).  ECF No. 3.  On July 6, 2023, Magistrate Judge Barry A. Bryant ordered Plaintiff to submit an *in forma pauperis* (IFP) application or pay the full filing fee of $402.00 by July 27, 2023.  ECF No. 5.  In that Order, Plaintiff was warned that failure to do so would subject this matter to dismissal.  *Id.*  That same day, after identifying potential legal and factual deficiencies with his original complaint, Judge Bryant ordered Plaintiff to submit an amended complaint also by July 27, 2023.  ECF No. 6.  That Order also cautioned Plaintiff that failure to comply would result in dismissal of the action.  *Id.*

These Orders were returned as undeliverable.  ECF No. 8.  In accordance with Local Rule 5.5(c)(2), Plaintiff was provided thirty (30) days to update the Court with his new address, and this deadline passed on August 16, 2023.  On August 4, 2023, Magistrate Judge Christy D. Comstock ordered Plaintiff to show cause why this matter should not be dismissed for failure to comply with the Court's orders directing him to either pay the full filing fee or submit an IFP application and an amended complaint.  ECF No. 10.  The deadline to respond to the Court's show cause order

was August 25, 2023. *Id.* On August 21, 2023, this Order was also returned as undeliverable. The Court-imposed deadlines to provide a current address and to respond to the Court's show cause order have now passed, and Plaintiff has failed to respond or communicate with this Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey multiple Court Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 26th day of September, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge